UNITED STATES DISTICT COURT FOR
THE WESTERN DISTRICT OF MICHIGAN, LAW DIVISION

MARIA TERESE WIDMANN,                )
                                     )
                                     )   Case Number:
                    Plaintiff,           )
                                     )
vs.                                  )
                                     )
AQUINIS COLLEGE, a Michigan          )
Corporation and NATIONAL             )
COLLEGIATE ATHLETIC                  )
ASSOCIATION,                         )
                                     )
                                     )
                    Defendants.          )

**COMPLAINT AT LAW**

      NOW COMES the Plaintiff, MARIA TERESE WIDMANN, by and through her attorneys, THOMAS M. PARIS, ATTORNEY AND COUNSELOR AT LAW, and SCHWANER INJURY LAW, and complaining of Defendants, AQUINAS COLLEGE, a Michigan Corporation, and NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association, alleges as follows:

**PARTIES**

    1.    Plaintiff, MARIA TERESE WIDMANN, is a resident of the state of Illinois.

    2.    At the time of the incident, Plaintiff, was a twenty-year-old student at Grand Valley State University and member of the Grand Valley State University's Women's Track and Field Team and a resident of the state of Michigan.

    3.    Defendant, AQUINAS COLLEGE, is a corporation operating as a private college with its principal place of business in Grand Rapids, Michigan.

4. Defendant, NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ("NCAA"), is an unincorporated association that acts as the governing body of college sports.

5. The NCAA provides safety guidelines and playing rules to protect them physically and mentally, on the field and off.

6. The NCAA's principal office is located in Indianapolis, Indiana.

7. In 1906, the NCAA was founded to keep college athletes safe.

8. The annual revenues for the NCAA in fiscal year 2016-2017 were $1.06 billion dollars.

## JURISDICTION AND VENUE

9. Plaintiff, MARIA TERESE WIDMANN, is a natural person and a citizen of the State of Illinois.

10. This Court has jurisdiction over Defendants in this action pursuant to 28 U.S.C.§ 1332 because there is complete diversity of citizenship between Plaintiff and Defendant, NCAA, and because the amount in controversy between Plaintiff and Defendant exceeds $75,000.00, exclusive of interest and costs, and because, among other reasons, Defendant has significant contacts with this district by virtue of doing business in this judicial district.

11. Venue is proper within this district pursuant to 28 U.S.C. § 1391 because Defendant, AQINAS COLLEGE, has its principal place of business in this district and because a substantial part of the acts and/or omissions giving rise to this claim occurred within this district.

## FACTS COMMON TO ALL COUNTS

12. On April 21, 2023, MARIA TERESE WIDMANN, was a student athlete at Grand Valley State University where she competed as a member of the track and field team.

2

13. At all relevant times, Grand Valley State University was a Division II NCAA school.

14. At all relevant times, Defendant, AQUINAS COLLEGE, was a Division II NCAA school.

15. On April 21, 2023, the 2023 Al Owens Classic Track and Field Meet was conducted at Grand Valley State University's South Complex located at 4444 West Campus Dr., Allendale, MI 49401.

16. On April 21, 2023, Grand Valley State University hosted the 2023 Al Owens Classic Track and Field Meet at South Complex in Allendale, Michigan.

17. On April 21, 2023, Defendant, AQUINAS COLLEGE, participated in the 2023 Al Owens Classic Track and Field Meet in Allendale, Michigan.

18. Grand Valley State University assigned MARIA TERESE WIDMANN to carry out activities related to the 2023 Al Owens Classic Track and Field Meet which it was hosting.

19. On April 21, 2023, MARIA TERESE WIDMANN, participated as instructed at the 2023 Al Owens Classic Track and Field Meet.

20. On April 21, 2023, Plaintiff, MARIA TERESE WIDMANN, was assigned to assist with the Hammer Throw Event at South Complex in Allendale, Michigan.

21. On April 21, 2023, Plaintiff, MARIA TERESE WIDMANN, was tasked with fetching hammers during warmups.

22. The Hammer Throw is an ultrahazardous sport.

23. Prior to April 21, 2023, Defendant, NCAA, undertook the responsibility of creating rules governing the safety of hammer throw warm-ups for NCAA Division II schools, including requirements for hammer throw safety cages.

3

24. On April 21, 2023, a hammer throw safety cage existed at the South Complex for utilization during the subject Hammer Throw event.

25. Prior to April 21, 2023, the NCAA enacted safety rules governing the implementation and use of hammer throw safety cages.

26. These enacted rules regarding hammer throw safety cages established minimum size and height requirements for the panels of the hammer throw safety cage and requirements for proper utilization thereof.

27. Before April 21, 2023, Defendant NCAA, operating through its duly authorized agents, employees and/or representatives, was aware that their established minimum size and height requirements for hammer throw safety cages allowed hammer throws to escape the Hammer Throw Safety Cages.

28. Prior to April 21, 2023, Defendant NCAA, operating through its duly authorized agents, employees and/or representatives was aware that the rules governing the requirements for utilization of hammer throw safety cages were ambiguous and subject to misapplication.

29. Prior to April 21, 2023, Defendant, NCAA, was aware that multiple participants had been stuck and severely injured and/or killed by hammer throw trajectories during hammer throw warm-ups.

30. Prior to April 21, 2023, Defendant, NCAA, was aware of the great danger posed to participants during hammer throw warm-ups.

31. On April 21, 2023, AQUINAS COLLEGE, was performing warm-ups, which consisted of hammer trajectories being hurled in the air.

32. On April 21, 2023, AQUINAS COLLEGE, representatives were present during the hammer throw warm-ups and acting in the capacity of the agent, servant, and/or employee of AQUINAS COLLEGE.

33. On April 21, 2023, AQUINAS COLLEGE representatives were responsible for overseeing the safe and proper conduct of their student athletes.

34. On April 21, 2023, hammer trajectories were being hurled in the air during warm-ups with multiple volunteer assistants in the field of danger, including MARIA TERESE WIDMANN.

35. On April 21, 2023, during the warm-up throws at South Complex, a 16-pound hammer thrown into the air by Kadence Richardson, an AQUINAS COLLEGE student athlete, and struck the chest of MARIA TERESE WIDMANN.

36. At the time such hammer was thrown, MARIA TERESE WIDMANN was in the process of returning a hammer that was previously thrown by an AQUINAS COLLEGE student athlete.

37. After the hammer struck MARIA TERESE WIDMANN in her chest, it broke her rigs and caused her to fall to the ground and writhe violently in pain as a result of her injuries.

38. As a result of her severe and permanent injuries, MARIA TERESE WIDMANN was transported to, Corewell Health Butterworth Hospital, in Grand Rapids, Michigan where she received medical treatment, the cost of which exceeded $100,000.00.

## COUNT I
## AQUINAS COLLEGE -NEGLIGENCE

1-40. Plaintiff adopts, re-alleges and incorporates paragraphs 1-40, as set forth above, as though set forth here as paragraphs 1-40 of this Count I.

41. At all times relevant, Defendant, AQUINAS COLLEGE, by and through its In

5

breach of its aforesaid duties, Defendant AQUINAS COLLEGE, by and through its authorized agents, servants, and/or employees, was careless and/or negligent in one or more of the following ways:

   a. Failed to properly supervise its student athletes so as to prevent its student athlete from throwing hammer trajectories when it was not safe to do so and/or when the throwing of a trajectory created an unreasonable risk of harm to participants such as MARIA TERESE WIDMANN;
   b. Failed to properly instruct its student athletes so as to prevent its student athlete from throwing a hammer trajectories when it was not safe to do so and/or when the throwing of a trajectory created an unreasonable risk of harm to participants such as MARIA TERESE WIDMANN;
   c. Failed to properly organize the warm-ups of its student athletes so as to prevent its student athlete, Kadence Richardson, from throwing a hammer trajectory when it was not safe to do so and/or when the throwing of a trajectory created an unreasonable risk of harm to participants such as MARIA TERESE WIDMANN;
   d. Failed to properly govern the actions of its student athletes; and/or
   e. Was otherwise careless and/or negligent in the facilitation of the warm-ups of its student athletes.

42.  At all times relevant, Defendant AQUINAS COLLEGE, by and through its authorized agents, servants, and/or employees, owed Plaintiff, MARIA TERESE WIDMANN, a duty to use ordinary care in the participation, organization, supervision and instruction of its student athletes during the 2023 Al Owens Classic Track and Field Meet in such a manner as to not endanger the safety of volunteer assistants, including MARIA TERESE WIDMANN.

43.  At all relevant times, Defendant, AQUINAS COLLEGE, acting by and through its duly authorized agents, employees, and/or representatives, owed Plaintiff, MARIA TERESE WIDMANN, a duty to use ordinary care in organizing, planning, and hosting the 2023 Al Owens Classic Track and Field Meet in such a manner as to not endanger the safety of others, including MARIA TERESE WIDMANN.

WHEREFORE, the Plaintiff, MARIA TERESE WIDMANN, prays for judgment against Defendant, AQUINAS COLLEGE, in a dollar amount to satisfy the jurisdictional limitation of this Court and said additional amounts as the jury and the Court shall deem proper, and additionally, cost of said suit.

## COUNT II
## NCAA NEGLIGENCE

1-40.   Plaintiff adopts, re-alleges and incorporates paragraphs 1-40, as set forth above, as though set forth here as paragraphs 1-40 of this Count II.

41.   At all times relevant, Defendant, NCAA, by and through its duly authorized agents, employees and/or representatives, owed Plaintiff, MARIA TERESE WIDMANN, a duty to use ordinary care and be free from negligence in the enactment of safety rules and guidelines in such a manner as to not endanger the safety of others, including MARIA TERESE WIDMANN.

42.   In breach of its aforesaid duties, Defendant, NCAA by and through its authorized agents, servants, and/or employees, was careless and/or negligent in one or more of the following ways:

   a. Failed to exercise reasonable care in the creation of safety rules for hammer throw warm-ups;
   b. Failed to properly enforce the safety rules they created for Division II schools;
   c. Failed to warn MARIA TERESE WIDMANN of the unreasonable risk of harm posed by standing in the area where she was struck during warm-up throws;
   d. Failed to enact sufficient minimum size requirements for hammer throw safety cages;
   e. Enacted safety rules for the Hammer Throw event which Defendant knew or should have known created an unreasonable risk of harm to others;
   f. Failed to warn MARIA TERESE WIDMANN of the unreasonable risk of harm posed by the use of a hammer throw safety cage meeting only the minimum requirements;
   g. Failed to require competent and responsible supervisors, referees and officials knowledgeable of safety rules and capable

7

       of conducting proper safety inspections at the Hammer Throw event, given the ultrahazardous nature of the sport; and/or

    h. Otherwise carelessly and negligently governed the safety rules associated with the Hammer Throw event.

44. At all relevant times, Defendant NCAA, acting by and through its duly authorized agents, employees, and/or representatives, owed Plaintiff, MARIA TERESE WIDMANN, a duty to use ordinary care in organizing, planning, and hosting the 2023 Al Owens Classic Track and Field Meet in such a manner as to not endanger the safety of others, including MARIA TERESE WIDMANN.

45. As a direct and proximate result of one or more of the aforementioned careless and negligent acts and/or omissions, Plaintiff, MARIA TERESE WIDMANN, was severely and permanently injured.

WHEREFORE, Plaintiff, MARIA TERESE WIDMANN, prays for judgment against Defendant, NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, in a dollar amount to satisfy the jurisdictional limitation of this Court and said additional amounts as the jury and the Court shall deem proper, and additionally, cost of said suit.

                                        Respectfully submitted,

                                        THOMAS M. PARIS, ATTORNEY AND
                                        COUNSELOR AT LAW
                                        Attorneys for Plaintiff

                              By: _____
                                  Thomas M. Paris

SCHWANER INJURY LAW
Attorneys for Plaintiff

By: _____
David J. Schwaner

Thomas M. Paris (ARDC No.: 6209691)
THOMAS M. PARIS, ATTORNEY
AND COUNSELOR AT LAW
55 W. Monroe Street, Suite 3950
Chicago, IL 60603
T: 312-759-1600 / F: 312-201-1436
tp@tomparislaw.com

David J. Schwaner (ARDC No.: 6287775)
SCHWANER INJURY LAW
111 North Wabash Avenue, Suite 801
Chicago, IL 60602
T: 312-635-4000 / F: 312-940-1867
david@schwanerinjury.com

**JURY DEMAND**
MARIA TERESE WIDMANN, hereby demands trial by a Jury in this matter.