UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA TERESE WIDMANN,

    Plaintiff,

v.

AQUINAS COLLEGE, et al.,

    Defendants.

_____/

Case No. 1:25-cv-60

HON. JANE M. BECKERING

## **ORDER OF DISMISSAL**

Plaintiff initiated this action on January 16, 2025, claiming subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 (Compl., ECF No. 1 at PageID.2 ¶ 10). On January 22, 2025, the Court ordered Plaintiff to "show cause, in writing, why jurisdiction is proper in this Court" (Ord., ECF No. 5 at PageID.16). Plaintiff responded to the Order to Show Cause on January 30, 2025 (ECF No. 6). Plaintiff does not cure the inadequacy of Plaintiff's jurisdictional allegations. In fact, Plaintiff acknowledges that one of the Defendants to this action, an unincorporated association, has members in all fifty states (ECF No. 6 at PageID.17). Moreover, Plaintiff agrees that *Americold Realty Trust v. ConAgra Foods Inc.* 577 U.S. 378 (2016)—which holds that unincorporated associations take on the citizenship of their members— "is on point with respect to [this Defendant's] citizenship" (*id.*).

A federal court has diversity jurisdiction under 28 U.S.C. § 1332 "only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State[,]" *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (1998), and the amount in controversy exceeds $75,000. Here, the complaint on its face, in

conjunction with Plaintiff's representations in response to the Order to Show Cause, show that Plaintiff and one Defendant are citizens of the state of Illinois.  As such, the Court lacks subject-matter jurisdiction.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action."  FED. R. CIV. P. 12(h)(3) (emphasis added); *see, e.g., Welch v. Coffman*, 8 F. App'x 435, 436 (6th Cir. 2001) ("We conclude that the district court properly raised the issue of subject matter jurisdiction sua sponte, and, after finding that jurisdiction was lacking, dismissed the complaint."); *Pratt v. Ventas, Inc.*, 365 F.3d 514, 523 (6th Cir. 2004) (citation omitted) ("[I]f a court does not have jurisdiction over a matter, it cannot properly reach the merits of the case."). Therefore:

**IT IS HEREBY ORDERED** that pursuant to FED. R. CIV. P. 12(h)(3), this action is DISMISSED.


Dated:  February 3, 2025                              /s/ Jane M. Beckering
                                                                        JANE M. BECKERING
                                                                        United States District Judge